U. S. COURT OF APPEALS
No. 732

I. T. S. RUBBER CO v. TEE PEE RUBBER CO., Inc.

U. S. Court of Appeals, 6th Circuit

No. 3961. Decided Jan. 8, 1924

465. ERROR—1. Reversal of interlocutory injunction against infringement of patents and unfair competition held to dissolve injunction as to unfair competition.

2. Finding of master approved·by District Court, persuasive but not conclusive on Court of Appeals.

639. INJUNCTION—Bond conditioned on paying defendant's damages from suspension of business, in patent infringement, permitted defendant to keep organization intact and required it to reduce damages.

3. Damages sustained because of interlocutory injunction against engaging in its regular business recoverable on bond notwithstanding profit made in other business.

4. Promotion stock issued for service not expenses of business during period of injunction within terms of bond.

5. Discount between sale price and par value of stock sold to dealers properly deducted as an expense in determining liability on injunction bond.

PER CURIAM.                 Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action by the I. T. S. Rubber Co. against the Tee Pee Rubber Co· for an injunction. The Tee Pee Rubber Co. started its business of merchandising rubber half heels in 1919. In 1920 in a cause then pending before Judge Westenhaver of the federal court involving the question of infringement of plaintiff's patents for resilient heels an interlocutory injunction restraining the defendant from directly or indirectly making or causing to be made these heels was issued. The injunction also restrained the defendant from unfair competition in the sale of heels packed in cartons resembling those used by plaintiff.

An interlocutory judgment was issued against defendant, and the plaintiff executed a bond of $10,000, conditioned upon the payment of all costs and damages which the defendant should sustain by reason of the injunction. The injunction was dissolved and the bill dismissed and from a judgment for the defendant for the costs and damages sustained by reason of the injunction the plaintiff appealed, assigning in error only the questions pertaining to the issue of the injunction restraining alleged infringement of the latter patent. In affirming the judgment of the lower court, the court held:

1. Where an interlocutory injunction restraining defendant from infringing plaintiff's

## U. S. COURT OF APPEALS—Continued

patents and also from engaging in unfair competition, a decree of the Circuit Court of Appeals, reversing the order of the District Court granting the interlocutory injunction, vacated the injunction in so far as it restrained defendant from unfair competition, as well as that portion enjoining the infringement of plaintiff's patents, though the question of the propriety of restraining unfair competition was not raised nor considered nor decided by the court.

2. Defendant during the period of the injunction had the right to keep its business organization intact so as to resume business in the event the injunction was dissolved, but was required to reduce the damages from the suspension of its business by keeping profitably employed.

3. The fact that defendant made a profit on the sale of other heels during the existence of the injunction did not absolve plaintiff from payment of damages on dissolution of injunction, but the profits so made are to be applied in reduction of damages

4. The court's refusal to distribute the expense of promotion stock issued for services over a period of 20 years in ascertaining the expenses of the business during the period of the injunction held proper.

5. The discount between the sale price and the par value of stock sold by defendant to dealers was not properly to be considered as an expense of conducting the business when estimating profits.

6. Finding of special master on evidence taken orally before the master, approved by the District Court, though not conclusive on Court of Appeals, is highly persuasive.

Attorneys—F. O. Richey, for I. T. S. Rubber Co.; C. P. Goepel, for Tee Pee Rubber Co., Inc.